# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-3174
LT Case No. 2025-CA-000208

_____

PEOPLE'S TRUST INSURANCE
COMPANY,

     Appellant,

     v.

CESAR FERNANDEZ and LUZ
FERNANDEZ,

     Appellees.

_____

Nonfinal appeal from the Circuit Court for Flagler County.
Andrea Karyn Totten, Judge.

Mark D. Tinker, Brandon J. Tyler, and David C. Borucke, of
Cole, Scott & Kissane, P.A., Tampa, for Appellant.

Estevan Griego, of The Law Offices of Carrington Jones, PLLC,
Orlando, for Appellees.

August 7, 2026

HARRIS, J.

     Appellant, People's Trust Insurance Company, appeals the
trial court's non-final order denying its motion to compel appraisal.
We agree with Appellant that the trial court incorrectly
determined that Appellant acted inconsistently with its right to

appraisal, thereby waiving that right. We therefore reverse and remand for the trial court to compel appraisal.

On September 8, 2022, Appellees, Cesar and Luz Fernandez, filed an insurance claim for damages sustained on their property the previous March. A week later, Appellant's estimator inspected Appellees' property and adjusted the reported damage. As a result of the inspection, Appellant estimated that the replacement cost of the repairs was $947.51. Appellees' deductible was $1000.

On October 7, 2022, Appellant issued a coverage determination letter stating that coverage was extended for damage to Appellees' roof, but not to the bathroom ceiling. The letter reiterated that the estimate for damages fell below the deductible. Therefore, repairs would not be commenced, nor payment made until the parties either reached an agreement as to the amount of loss in excess of the applicable deductible, or the amount of loss, including the scope of repairs determined by an appraisal panel to exceed the deductible.

Over two years later, Appellees obtained an estimate for repair that determined that the replacement cost value was $149,866.98. Appellees sent this repair estimate to Appellant, and while Appellant acknowledged its receipt a few days later, it stood by its coverage determination. Nevertheless, in response to Appellees' notice of intent to initiate litigation, Appellant offered $100 to settle "without waiving its right under the insurance policy to seek legal remedies to enforce [the] insurance policy."

On March 6, 2025, Appellant sent a letter to Appellees informing that it was closing their claim. Appellees filed the instant lawsuit on April 15, alleging one count of breach of contract against Appellant. On May 21, Appellant filed its answer and affirmative defenses to the complaint. As its third affirmative defense, Appellant asserted that the policy's appraisal provision was the appropriate mechanism for resolving scope disputes between the parties.

On May 27, 2025, Appellant filed several motions, including a Motion to Compel Appraisal. Appellees responded and objected to Appellant's motion, arguing that Appellant failed to timely

invoke appraisal. Following a hearing, the court entered its order denying Appellant's motion to compel appraisal. The court found that Appellant's actions, including maintaining its position that the damages Appellees sustained fell below the deductible, informing Appellees that neither repairs nor payment would be forthcoming, closing Appellees' claim and responding to Appellees' intent to initiate litigation with a $100 settlement offer, were inconsistent with Appellant's right to an appraisal, resulting in a waiver of that right. This appeal followed.

Because the facts are undisputed, this Court reviews the trial court's order denying Appellant's motion to compel appraisal de novo. *See People's Tr. Ins. Co. v. Nowroozpour*, 331 So. 3d 193, 196 (Fla. 4th DCA 2021). One of the undisputed facts is that the appraisal clause was not invoked until after Appellees filed their lawsuit against Appellant. Indeed, Appellant argues that the trial court incorrectly determined that Appellant was required to invoke appraisal before Appellees filed lawsuit.

Florida courts draw on the same principles governing waiver of arbitration rights when analyzing waiver of contractual appraisal rights, consistently holding that an appraisal clause may be invoked for the first time after litigation has commenced. *NCI, LLC v. Progressive Select Ins. Co.*, 350 So. 3d 801, 810 (Fla. 5th DCA 2022) ("A party may invoke appraisal rights after litigation has commenced."); *People's Tr. Ins. Co. v. Fernandez*, 317 So. 3d 207, 210 (Fla. 3d DCA 2021) ("PTI did not waive its right to compel appraisal. There is no bar to seeking appraisal after litigation has begun."). The operative legal standard to determine whether an insurer waived appraisal is whether the insurer actively participated in the lawsuit or engaged in conduct inconsistent with the right to appraisal. *Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 493 (Fla. 5th DCA 2014); *Fla. Ins. Guar. Ass'n v. Rodriguez*, 153 So. 3d 301, 303 (Fla. 5th DCA 2014).

Here, in response to Appellees' intent to initiate litigation, Appellant made a $100 settlement offer. It did not require Appellees to participate in appraisal. This offer to settle, alone, is not a waiver of the right to appraisal. *See U.S. Fire Ins. Co. v. Franko*, 443 So. 2d 170, 172 (Fla. 1st DCA 1983) ("[Insurer's] settlement offer was, perhaps, merely a first step in attempting to

resolve the dispute amicably and without any formal proceedings. This type of conduct is not inconsistent with the right to arbitration.").

Appellant filed its affirmative defenses invoking appraisal and promptly moved to compel arbitration. This conduct is not inconsistent with its right to appraisal. *See State Farm Fla. Ins. Co. v. Nordin,* 312 So. 3d 200, 204 (Fla. 1st DCA 2021) ("The homeowners filed suit. State Farm promptly answered and in the answer, demanded appraisal. This was done within thirty days of the filing of the lawsuit. The appraisal demand was timely."); *People's Tr. Ins. Co. v. Vidal,* 305 So. 3d 710 (Fla. 3d DCA 2020) (holding insurer did not waive its right to appraisal where it immediately moved to compel appraisal after complaint was filed).

Because Appellant did not waive its right to arbitration, the court erred in denying the motion to compel. We reverse and remand with instructions to grant the motion to compel arbitration.

REVERSED and REMANDED for further proceedings.

JAY, C.J., and MACIVER, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4